**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

CARL BENNETT, # 12198-021                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:12CV16-DCB-RHW**

HARRELL WATTS, R.E. HOLT, BRUCE
PEARSON, ROBERTO MARTINEZ, and
ANTHONY CHAMBERS                                              **DEFENDANTS**

## ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE

BEFORE THE COURT is *pro se* Plaintiff Carl Bennett's Motion to Proceed Before an
Article 3 Judge [12]. He is incarcerated with the Federal Bureau of Prisons and brings this action
challenging the handling of his medical condition. He argues Magistrate Judge Robert H.
Walker violated the Magistrate Act because Bennett did not consent to proceed before the
Magistrate Judge. The Court has considered the submissions, record, and relevant legal
authority. For the reasons set forth below, the motion is denied.

## BACKGROUND

On January 25, 2012, Bennett filed the instant Complaint concerning the way his medical
condition was handled while he was housed at the Federal Correctional Institution–Yazoo City.
The same day Magistrate Judge Walker entered an Order [3] sending Bennett an
Acknowledgment of Receipt and Certification and a form for voluntary dismissal. Magistrate
Judge Walker ordered Bennett to sign and file either the Acknowledgment or the voluntary
dismissal. By a simultaneous Order [4], Magistrate Judge Walker ordered Bennett to either pay
the filing fee or complete his application for leave to proceed *in forma pauperis*. On February 6,
he complied with both of the Magistrate Judge's orders. (Dkts. 5, 6)

Consequently, Magistrate Judge Walker granted Bennett pauper status. (Dkt. 8). On February 22, 2012, Magistrate Judge Walker ordered Bennett to clarify his Complaint no later than March 7. (Dkt. 9). On March 5, Bennett sought more time to comply with this latest Order. (Dkt. 10). Magistrate Judge Walker granted him until March 22. (Dkt. 11). Subsequently, Bennett filed the instant motion.

## DISCUSSION

Bennett argues that Magistrate Judge Walker violated 28 U.S.C. § 636(c), because Bennett did not consent to the Magistrate Judge's jurisdiction. The Magistrate Act provides, in part:

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). Additionally,

> A judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), . . . of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B). As is clear from the discussion above, Magistrate Judge Walker has issued orders on pretrial matters permitted by subparagraph A and evidentiary matters permitted by subparagraph B. The Court has designated these to him consistent with the Magistrate Act. S.D. Miss. Internal R. 1(VII).

By contrast, subsection c, to which Bennett refers, states a Magistrate Judge shall not

enter judgment unless the parties consent.  28 U.S.C. § 636(c).  Magistrate Judge Walker has not

entered judgment in this case.  Therefore, Bennett's motion is not well taken and should be

denied.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

*pro se* Plaintiff Carl Bennett's Motion to Proceed Before an Article 3 Judge [12] should be and is

hereby **DENIED**.

      **SO ORDERED**, this the <u>28th</u> day of <u>March</u>, 2012.

<u>s/David Bramlette               </u>
UNITED STATES DISTRICT JUDGE
