IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL BENNETT, # 12198-021**                                                     **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 5:12CV16-DCB-RHW**

**HARRELL WATTS, R.E. HOLT, BRUCE
PEARSON, ROBERTO MARTINEZ, and
ANTHONY CHAMBERS**                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING HOLT

BEFORE THE COURT are *pro se* Plaintiff Carl Bennett's pleadings.  He is incarcerated with the Federal Bureau of Prisons and challenges the conditions of his confinement.  The Court has considered and liberally construed the pleadings.  For the reasons below, Defendant R.E. Holt is dismissed without prejudice.

### BACKGROUND

On January 25, 2012, Bennett filed the instant Complaint.  While he is currently housed at the Federal Correctional Institution in Jesup, Georgia, this action concerns the conditions of his confinement while previously housed at FCI–Yazoo City.  Specifically, he complains he was denied proper treatment for a staph infection.  Among others, he sues Defendant R.E. Holt, the Bureau of Prison's Southeast Regional Director over administrative remedies.  Bennett alleges he appealed Defendant Warden Bruce Pearson's denial of an administrative remedy to Holt.  According to Bennett, Holt's response was "vague" because he merely informed Bennett that the doctor was awaiting the result of an ultrasound.  (Mem. in Support of Am. Compl. at 4).

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma*

*pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Bennett to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

Bennett brings this action under *Bivens* and the Federal Tort Claims Act.  As is relevant to Holt, Bennett claims he brought his medical appeal before Holt and told him that the skin condition was worsening.  Bennett charges nothing against Holt except that his response was "vague as it just informed Mr. Bennett that an ultrasound test result was pending."  (Compl. at 17); (Mem. in Support of Am. Compl. at 4).  He does not challenge the veracity of this statement or complain of any unconstitutional or tortious conduct.  As such, he fails to state a claim upon which relief may be granted against Holt.  He is dismissed, and the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of the case shall proceed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

Defendant R.E. Holt should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

    **SO ORDERED**, this the 28th day of March, 2012.


        s/David Bramlette
        UNITED STATES DISTRICT JUDGE